# IN THE COURT OF APPEALS OF IOWA

No. 14-0447
Filed May 14, 2014

**IN THE INTEREST OF A.V., G.V., J.F., M.F., AND T.F.,**
**Minor Children,**

**B.D.V., Mother,**
**Appellant,**

**W.V., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Polk County, Romonda D. Belcher, District Associate Judge.

The father of A.V. and G.V., and the mother of G.V., J.F., MF., and T.F. appeal the termination of their parental rights. **AFFIRMED ON BOTH APPEALS.**

Sarah Dewein of Cunningham & Kelso, P.L.L.C., Urbandale, for appellant mother.

Lane Lucas, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, Janet Hoffman, Assistant Attorney General, John Sarcone, County Attorney, and Jon Anderson, Assistant County Attorney, for appellee State.

Nicole Nolan of the Youth Law Center, Des Moines, attorney and guardian ad litem for minor children.

Considered by Danilson, C.J., Potterfield, J., and Miller, S.J.* McDonald, J. takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**POTTERFIELD, J.**

### I. Background facts.

A mother and a father appeal[1] from an order terminating their parental rights. Five children are at issue: T.F., born March 2009; J.F., born January 2008; and M.F., born February 2006. The father of these three children is deceased. Their mother is Bridget, who is also the mother of G.V., born in April 2012.[2] The father of G.V. is William. William is also the father of A.V., born in May 2006. William has a history of domestic violence and has previously had his parental rights to five children terminated.

Bridget and William are married and came to the attention of the department of human services in February 2012 due to allegations of physical abuse and domestic violence. The children were removed in October 2012 when A.V. was placed on a medical hold for physical abuse—A.V. had sustained unexplained injuries to her body and throat, bite marks on her back and face, and head lacerations.

All five children were adjudicated children in need of assistance (CINA) on January 22, 2013. The older children (A.V., M.F., and J.F.) have attended therapy and reported having suffered extensive abuse by Bridget and William, which we need not repeat here. The children have not been returned to either parent at any time since removal.

Regarding these children, on June 14, 2013, Bridget pled guilty to child endangerment causing bodily injury and William pled guilty to neglect of a

---

[1] A.V.'s mother's rights were also terminated, but she does not appeal.
[2] G.V. was born in April 2012 testing positive for morphine, hydromorphone, and hydrocodone.

dependent child in July 2013. Bridget was placed on probation for two years. On September 16, 2013, William was sentenced to a ten-year term of imprisonment.

## II. Scope of review.

We review termination of parental rights decision de novo. *In re H.S.*, 805 N.W.2d 737, 745 (Iowa 2011). Although we are not bound by the juvenile court's findings of fact, we do give them weight, especially in assessing the credibility of witnesses. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).

## III. The mother's appeal.

Bridget's parental rights to all four of her children were terminated pursuant to Iowa Code section 232.116(1)(d) and (e) (2013); with respect to the three "F" children, her rights were also terminated under section 232.116(1)(f) and her rights to G.V. were also terminated under paragraph 232.116(1)(h). When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record. *Id.* at 707.

On appeal, Bridget does not contest termination under paragraphs (f) and (h)—which we find to be supported by clear and convincing evidence. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (noting that when a parent does not dispute the existence of the statutory grounds, we need not discuss whether those grounds exist).

Bridget argues the juvenile court erred in finding termination of parental rights was in the children's best interests. She suggests she should be given more time to seek reunification with her children. We disagree.

The children have been out of their parents' custody for more than a year. At the time of termination, a criminal no contact order was still in place, prohibiting Bridget from having physical contact with the children. At the termination trial, Bridget minimized the abuse she and William had inflicted upon the children. Giving "primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child," Iowa Code § 232.116(2), we find termination will best provide these children with the permanence they deserve. *See In re A.M.*, 843 N.W.2d at 113 (citing *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (noting the "defining elements in a child's best interest" are the child's safety and her "need for a permanent home")); *see also D.W.*, 791 N.W.2d at 707 ("[O]ur legislature has carefully constructed a time frame to provide a balance between the parent's efforts and the child's long-term best interests."); *In re J.E.*, 723 N.W.2d 793, 800 (Iowa 2006) ("The legislature adopted the standard in the belief that this period must be reasonably limited because, 'beyond the parameters of chapter 232, patience with parents can soon translate into intolerable hardship for their children.'" (citation omitted)).

Bridget also claims that termination need not occur because the children should be placed with a relative and section 232.116(3)(a) states termination need not occur when a "relative has legal custody of the child." The provision is not applicable because the children are in the legal custody of the department. *See In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014).

**IV. The father's appeal.**

The father's parental rights to A.V. and G.V were terminated on several statutory grounds, none of which he disputes. He argues only that the juvenile court failed to consider the children's statutory best interests—which claim is belied by the court's ruling, and erred in concluding no factor weighing against termination under section 232.116(3) was applicable.

The juvenile court specifically found termination to be in the children's best interests under section 232.116(2). We agree.

Any bond the father has with the children does not preclude termination here. *See* Iowa Code § 232.116(3)(c). And as already noted, section 232.116(3)(a) is not applicable.

We affirm the termination of both parents' parental rights.

**AFFIRMED ON BOTH APPEALS.**